Nicole Ledford

vs

United States of America

NO. 1:20-cv-250

Judge McDonough

FILED
OCT 1 - 2020
Clerk, U.S. District Court
Eastern District of Tennessee
At Chattanooga

## Response to §2255 Motion

It is speculative on part of the government that they would not have given the 5K1 that they offered, or that they would have objected to a sentence below 120 months.

In the highly likely event that the court would have granted the objection to the firearm enhancement, my guideline range would have dropped below the mandatory guideline to 97-121 months, after applying the safety valve and the 5K1 base criteria. However, the Honorable Judge Mattice saw fit to depart and reduce my sentence by an additional 2 levels after the government spoke out in my favor and informed the court of additional assistance that they received after filing the 5K1 motion. That additional 2 level departure, if given again, would lower my guideline even further, to 78-97

months. That is 42 months lower than the current 120 month sentence that I recieved. This is before any additional reduction for the motion of variance that my attorney filed, and which I only received 1 (one) month off for initially.

For a claim of ineffective assistance of counsel, a petitioner must prove that 1.) counsel's performance was dificient and 2.) resulting in prejudice such that there is a "reasonable probability that, but for counsel's unproffessional errors, the result of the proceedings would have been different" Strickland vs Washington 466 US 668, 687, 694, 104 S. CT. 2052, 80 L. ED. 2D 674 (1984)

The government states in their objection (case 1:20-cv-250 Doc 8, page 6) that I offer no other explanation for why I may have possessed a firearm. As I had explained to my attorney, at the time that I possessed the gun, my husband was currently incarcerated at the McMinn County Jail in Athens, TN, after being

arrested on May 24, 2017 for aggravated stalking against me. My husband had broken a no contact type order that a judge placed between us after my husband was arrested for domestic violence against me for a 2nd (second) time in a 6 (six) month period. As a victim of domestic violence I aquired and possessed the gun for the sole purpose of personal protection for myself and my children, against my husband. This fact is supported by the fact that the gun was unloaded and locked in a safe in my bedroom, 50 (fifty) yards away from the shed where the drugs and paraphanalia were stored, as well as where all drug transactions occured on the property. My attorney, completely aware of this fact, still chose not to object to the firearm enhancement. USSG § 2D1.1(b)(1)(2001) "The factors considered when determining whether a firearm is indeed connected to a specific drug transaction are: proximity of the firearm to the drugs, the type of gun involved, whether it was

loaded or not, and an alternative purpose to explain the possession of the firearm." Quoting US vs Hooten, 942 F.2d 878, 882 (5th Cir. 1991) the court noted that in meeting its burden, the government generally "must provide evidence that the weapon was found in the same location where drugs or drug paraphanalia are stored or where part of the transaction occurred" Hooten, 942 F.2d at 882. The 8th Circuit concluded in McMurray that "The government must prove by a preponderance of evidence a connection between the gun and criminal activity, as the mere possession of a firearm is not sufficient to trigger the enhancement."

Throughout the investigation, I was honest and forthcoming with the investigators. I accepted complete responsibility for my actions, of which I am guilty, from the beginning. However, I am adament in the fact that the firearm (of which I have been wrongfully enhanced) had absolutely nothing to do with the crime that

I pled guilty to. Had my attorney objected to the firearm enhancement, I am certain that the court would have found the enhancement improper and thus resulting in a sentence lower than the 120 month mandatory minimum guideline that I received.

Nicole Ledford

*Nicole Ledford*

9/24/2020

⇔32711-009⇔
Nicole Ledford
Satellite Prison Camp
PO BOX 487
Aliceville, AL 35442
United States



X-RAYED

Clerk, United States Court
900 Georgia Ave Room 309
Chattanooga, TN 37402