# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

NICOLE LEDFORD,           )
                                )     Case Nos. 1:20-cv-250; 1:19-cr-75
         *Petitioner*,       )
                                )     Judge Travis R. McDonough
v.                             )
                                )     Magistrate Judge Susan K. Lee
UNITED STATES OF AMERICA,    )
                                )
         *Respondent*.      )

---

## MEMORANDUM OPINION

---

Before the Court is Petitioner's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-250; Doc. 167 in Case No. 1:19-cr-75). For the following reasons, the Court will **DENY** Petitioner's motion.

## I.  BACKGROUND

On September 9, 2019, Petitioner entered a plea agreement, in which she agreed to plead guilty to one count of conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine (actual) and five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. 57 in Case No. 1:19-cr-75.)

In describing the offense conduct, Petitioner's presentence report ("PSR") states, among other things, that: (1) a co-defendant delivered large amounts of methamphetamine to Petitioner's residence (Doc. 131, at 8 in Case No. 1:19-cr-75); (2) a confidential source purchased methamphetamine from Petitioner at a shed located behind her residence (*id.*); and (3) during an interview of Petitioner on August 15, 2017, she admitted that she had a 9mm pistol at

her home, which law enforcement later recovered (*id*. at 9). Based on this information, Petitioner's PSR included a two-level enhancement for possessing a firearm in connection with drug-trafficking activity pursuant to U.S.S.G. § 2D1.1(b)(1). (*Id*. at 15.)

At sentencing, United States District Court Judge Harry S. Mattice, Jr., calculated Petitioner's guidelines range as 210 to 262 months' imprisonment, based on an offense level of thirty-seven, which included the two-level enhancement for possessing a firearm in connection with her drug-trafficking conduct, and a criminal-history category of I. (*See* Doc. 131, at 15, 19 in Case No. 1:19-cr-75; Doc. 141 in Case No. 1:19-cr-75.) After considering the Government's motion for departure[1] and Petitioner's motion for variance or departure,[2] Judge Mattice sentenced Petitioner to 120 months' imprisonment, to be followed by five years of supervised release. (Doc. 140 in Case No. 1:19-cr-75.) Petitioner did not appeal her conviction or sentence.

Petitioner timely filed the present motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 on August 31, 2020. (Doc. 1 in Case No. 1:20-cv-250; Doc. 167 in Case No. 1:19-cr-75.) In her motion, Petitioner asserts that her counsel was ineffective because he failed to object to the two-level firearm enhancement applied pursuant to U.S.S.G. § 2D1.1(b)(1). (Doc. 1, at 4–7 in Case No. 1:20-cv-250.) Specifically, Petitioner contends that, although there was a firearm locked in a safe in her home, there was nothing in the record that

---

[1] Prior to her sentencing hearing, the Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. (Doc. 120 in Case No. 1:19-cr-75.) In its motion, the Government specifically stated that it was moving "pursuant to U.S.S.G. § 5K1.1 only." (*Id*.)

[2] Petitioner moved for a downward variance or departure, arguing that the Court should consider Petitioner's "difficult" life circumstances, her efforts to overcome those circumstances, and "the aberrant conduct that lead to the charges in [her] case." (Doc. 130 in Case No. 1:19-cr-75.) In response, the Government conceded that Petitioner "has made great strides in maintaining legitimate employment, avoiding illegal drugs, and repairing her relationships with her children," and that, "[i]n light of those efforts at rehabilitation, . . . an appropriate sentence may exist below her Guidelines range of 210 to 262 months." (Doc. 133 in Case No. 1:19-cr-75.)

supported a finding that the firearm was used to facilitate a drug transaction or protect herself during a drug transaction. (Doc. 2, at 1–2 in Case No. 1:20-cv-250.) Petitioner represents that: (1) "the gun always stayed in a safe in my bedroom, and it was never present when I sold drugs"; (2) "[a]ny sales of drugs at my address were in the shed behind my house, never in the house"; (3) "[t]he shed was approximately fifty (50) yards from the entrance to the house"; (4) "[a]ny time I sold drugs from the shed, the gun was always in the safe, in the bedroom of the house"; (5) when officers came to her house, she voluntarily retrieved the gun from her safe and gave it to the officers in her driveway; and (6) "[a]t no time were the drugs or drug paraphernalia in the vicinity of the firearm." (*Id*.) Petitioner contends that, had the Court sustained an objection to application of the two-level enhancement under U.S.S.G. § 2D1.1(b)(1), she would have been "safety valve" eligible under 18 U.S.C. § 3553(f), which would have permitted the Court to sentence her without regard to her applicable mandatory-minimum sentence under 21 U.S.C. § 841(b)(1)(A). (*Id*. at 5.)

On February 25, 2021, the Court entered an order finding that an evidentiary hearing was necessary to resolve Petitioner's § 2255 motion. (Doc. 11 in Case No. 1:20-cv-250.) On July 15, 2021, the Court held an evidentiary hearing and heard testimony from Petitioner, Clay Whittaker, her attorney in the underlying criminal case, and John Barnett, a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives.

During the hearing, Whittaker testified regarding his strategy for representing Petitioner. Whittaker testified that, at the time he was appointed to represent Petitioner, she had already started cooperating with the Government and that she advised him of that cooperation at the time he was appointed. (Doc. 17, at 6 in Case No. 1:20-cv-250.) As a result, Whittaker attended a proffer session with Petitioner the day after he was appointed to represent her. (*Id*.) Whittaker

testified that it was his opinion that Petitioner's best strategy was to continue cooperating to secure a sentence as possible based on what he knew about the case, which included that Petitioner had already admitted to possessing and selling a "very large amount" of methamphetamine. (*Id*. at 7–9.) Whittaker also testified that he went over Petitioner's presentence report with her prior to sentencing and that he did not recall her having any concerns about inaccuracies in the presentence report. (*Id*. at 11–13, 23.) When asked why he did not object to the gun enhancement in Petitioner's presentence report, Whittaker testified that he did not believe he had a legitimate basis to object because Petitioner provided information regarding firearms during her proffer, including that she traded firearms to other people, and he wanted to maintain her credibility so that he did not jeopardize the possibility of a downward departure or post-conviction reduction of her sentence based on her substantial assistance. (*Id*. at 20–21, 28.)

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

In her § 2255 motion, Petitioner asserts that she received ineffective assistance of counsel because her attorney failed to object to application of the two-level enhancement under

§ 2D1.1(b)(1) for possessing a firearm in connection with drug-trafficking activity, which if sustained, would have permitted the Court to sentence her without regard to her mandatory minimum sentence pursuant to the "safety valve" provision in 18 U.S.C. § 3553(f). (*See generally* Doc. 1 in Case No. 1:20-cv-250.)

To collaterally attack her conviction based on ineffective assistance of counsel, Petitioner must establish "that her lawyers performed well below the norm of competence in the profession and that this failing prejudiced her case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Section 2D1.1(b)(1) provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" in connection with drug-trafficking activity. The application notes to this provision explain that "the enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense. For

example, the enhancement would not be applied if the defendant, arrested at defendant's residence, had an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1(b)(1), Application Note 11. At sentencing, "the government has the burden of showing by a preponderance of the evidence that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense." *United States v. Greeno*, 679 F.3d 510, 514 (6th Cir. 2012) (citations and internal quotation marks omitted). To establish possession during the commission of the offense, the Government must show that the dangerous weapon was possessed during "relevant conduct." *Id*.; *see also United States v. Tyler*, 271 . F. App'x 505 (6th Cir. 2008) (noting that the Sixth Circuit has interpreted "the phrase 'during the commission of a drug-trafficking offense' as the period of time in which the conspiracy to traffic drugs occurred"). "Once the government meets its burden, a rebuttable presumption arises that the weapon was connected to the offense," and the burden shifts to the defendant "to show that it was clearly improbable that the weapon was connected to the offense." *Id*.; *see also* U.S.S.G. § 2D1.1(b)(1), Application Note 3 (noting that the upward adjustment for firearm possession "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense). In determining whether to apply § 2D1.1.(b)(1), the Sixth Circuit instructs courts to consider the following factors, none of which are controlling: "(1) the type of firearm involved; (2) the accessibility of the weapon to the defendant; (3) the presence of ammunition; (4) the proximity of the weapon to illicit drugs, proceeds, or paraphernalia; (5) the defendant's evidence concerning the use of the weapon; and (6) whether the defendant was actually engaged in drug-trafficking, rather than mere manufacturing or possession." *Id*. at 515.

In this case, after considering the testimony provided during the evidentiary hearing, the Court finds that counsel's decision not to object to the enhancement applied pursuant to

6

§ 2D1.1(b)(1) did not fall below an objective standard of reasonableness. Whittaker testified that Petitioner provided information regarding using firearms in connection with her drug-trafficking activities during proffer sessions and that he did not want to put her credibility at issue by objecting to the firearms enhancement and jeopardize the possibility of a downward departure or post-conviction reduction of her sentence based on her substantial assistance by taking an inconsistent position at sentencing. Additionally, as Petitioner's presentence report notes, and as confirmed by Petitioner's testimony during the evidentiary hearing, Petitioner kept a pistol in a safe in her bedroom at her residence and sold methamphetamine from a shed located behind her residence. Although Petitioner testified that she never possessed the pistol during a methamphetamine sale, she failed to provide credible testimony demonstrating it was "clearly improbable" that the weapon was connected to her drug-trafficking activity. The undisputed facts remain that she admits she possessed a pistol, not a hunting rifle, at the residence from which she sold large amounts of methamphetamine. Petitioner had continuous access to the pistol, and she was engaged in drug-trafficking, not mere manufacturing or possession. Under these facts, her counsel's strategic decision not to object to application of the firearm enhancement under § 2D1.1(b)(1) did not fall below an objective standard of reasonableness. Accordingly, Petitioner has failed to demonstrate that she received ineffective assistance of counsel at sentencing.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:20-cv-250; Doc. 167 in Case No. 1:19-cr-75) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the

denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

      **AN APPROPRIATE JUDGMENT WILL ENTER.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**
